# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JUAN TOLEDANO** | * | **CIVIL ACTION NO.: 22-cv-3482** |
| | * | |
| **VERSUS** | * | |
| | * | **JURY TRIAL REQUESTED** |
| **WAL-MART STORES INC. AND** | * | |
| **JOHN DOE** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**TO:** The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, **Walmart Inc.,** f/k/a Wal-Mart Stores, Inc., (hereinafter referred to as "Walmart"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed his Petition for Damages on February 7, 2022, against Walmart and fictitious defendant John Doe. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart Inc. was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on March 11, 2022. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B.")

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter, located at 4301 Chef Menteur Hwy, New Orleans, Louisiana, on or about February 10, 2021.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy.

5. Walmart filed its Answer to Petition for Damages, Request for Notice, and Jury Order on April 25, 2022.  (*See* Answer to Petition for Damages, Request for Notice, and Jury Order, attached hereto *in globo* as Exhibit C).

6. In Paragraph 10 of Plaintiff's Petition, plaintiff alleges typical non-exclusive elements of damage: pain and suffering, medical expenses, inconvenience, loss of enjoyment of life, lost wages and loss of earning capacity, and permanent disability.

7. In an attempt to confirm the value of Plaintiff's claims, Walmart propounded Interrogatories and Requests for Productions of Documents onto Plaintiff on April 25, 2022.

8. On August 30, 2022, Plaintiff answered Walmart's Interrogatories and Request for Production of Documents, which included reference to Plaintiff's medical records and bills showing the treatment Plaintiff allegedly received in connection with his February 10, 2021, Walmart incident.

9. Further, in Plaintiff's Answer to Walmart's Interrogatory No. 11, Plaintiff alleges $19,495.25 in medical specials, claiming further that these bills are incomplete, as the Plaintiff is still treating for the accident at issue. (*See* Plaintiff's Answers to Interrogatories, attached hereto as Exhibit D).

10. Also, in Plaintiff's Answer to Interrogatory No. 11, Plaintiff specifically states that

his estimated damages exceed $50,000. (*See* Plaintiff's Answers to Interrogatories, attached hereto as Exhibit D).

11. On September 30, 2022, Plaintiff provided medical records showing her treatment in connection with the subject incident. The medical records show that the Plaintiff was diagnosed with rotator cuff sprain and lumbar radiculopathy following the incident. The Plaintiff subsequently underwent cervical MRI imaging, which revealed disc desiccation at C2-3, severe facet hypertrophy at C3-4, a disc bulge at C7-T1 with bilateral foraminal stenosis, and nerve compression on the spinal cord at the C6-7.

12. The Plaintiff's treatment has been extensive, including two epidural steroid injections in the cervical and lumbar regions and five months of physical therapy. **Importantly, Plaintiff's neurosurgeon has recommended that Plaintiff undergo a cervical discectomy and fusion spanning the C3-C7 vertebrae**.

13. Post-suit, Plaintiff's counsel submitted a settlement demand to undersigned counsel on September 17, 2022, for $342,852.75.

14. This post-suit settlement demand includes $173,357.50 in estimated costs for the recommended cervical discectomy and fusion.

15. With respect to the amount in controversy requirement, Walmart's removal is based on (1) the Plaintiff's medical diagnoses; (2) the Plaintiff's $19,495.25 in past medical specials; (3) the Plaintiff's cervical discectomy and fusion recommendation; and (4) the $173,357.50 in estimated costs for the recommended cervical discectomy and fusion surgery.

16. Based on the foregoing, Walmart contends that the amount in controversy exceeds $75,000.00, and therefore files this removal.

I.      **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

17.     28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States."

A.      **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

18.     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00 "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (*italics* in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

19.     As mentioned in Paragraphs 9 through 12, *supra,* Plaintiff alleges significant medical diagnoses and treatments. Particularly, the Plaintiff is claiming a litany of spinal ailments, including disc desiccation at C2-3, severe facet hypertrophy at C3-4, a disc bulge at C7-T1 with bilateral foraminal stenosis, and nerve compression on the spinal cord at the C6-7. Although Plaintiff has undergone epidural injections and physical therapy for these ailments, his neurosurgeon reports that these treatments have been unsuccessful, and Plaintiff will therefore require a cervical fusion surgery spanning from C3 to C7.

20.     The medical billing overview included in Plaintiff's discovery responses and settlement demand shows that Plaintiff's past total medical specials are at least $19,495.25, and

future medical specials are at least $173,357.50.

21.     Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

22.     While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

      **B.     COMPLETE DIVERSITY**

23.     Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

24.     Defendant, John Doe, is a fictitiously-named Defendant, and under the mandatory language of 28 U.S.C. §1441(b), the citizenship of a fictitious defendant **must be** disregarded in determining whether this civil action is removable. 28 U.S.C. §1441(b)provides: "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

25.     Plaintiff is a resident of and domiciled in Orleans Parish, State of Louisiana.

26.     Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant.

27.     This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the medical records and bills, exceeds

SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.  WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

28.  Walmart Inc. was served with the Petition through its agent for service of process, CT Corporation Systems, on March 11, 2022.

29.  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C, § 1446 (b)(3) (**Emphasis** added).

30.  Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy; however, "other paper" shows that the amount in controversy here exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).

31.  "The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading." *Cutrer v. State Farm Mut. Automobile Ins. Co.*, CV 20-2919, 2021 WL 22149, at *3 (E.D. La. Jan. 4, 2021) (explaining that "[t]he medical records, bills, and demand letters provided before suit was filed on January 8, 2020 did not trigger the thirty-day period for removal") ((citing and quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)).

32. Here, although the Plaintiff's Petition included no information indicating that the case value exceeds $75,000, the Plaintiff's *post-suit* discovery responses, accompanying medical records, and settlement demand provided sufficient information to place the amount in controversy in excess of $75,000. Particularly, these *post suit* "other papers" detailed Plaintiff's diagnoses, medical billing, medical treatments, and recommended cervical fusion, which – taken together – firmly place the amount in controversy above the jurisdictional threshold set forth in 28 U.S.C. 1332.

33. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of Plaintiff's *post-suit* discovery responses on August 30, 2022, medical records on September 7, 2022, and settlement demand on September 17, 2022.

34. Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

35. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

36. No previous application has been made by Walmart in this case for the relief requested herein.

37. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as

Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the Orleans Civil District Court for the Parish of Orleans, State of Louisiana.

38. Walmart desires and is entitled to a trial by jury of all issues herein.

WHEREFORE, Defendant, Walmart Inc., hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/Christopher James-Lomax*
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**DENMAN T. MIMS (#38840)**
**McCRANIE, SISTRUNK, ANZELMO,**
  **HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone:  (504) 831-0946
Email:  ird@mcsalaw.com;
Email:  cjl@mcsalaw.com;
Email:  dtm@mcsalaw.com
*ATTORNEYS FOR DEFENDANT,*
*WALMART INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 26th day of September, 2022.

*/s/Christopher James-Lomax*
**CHRISTOPHER JAMES-LOMAX**