UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN TOLEDANO<br>*Plaintiff* | * * * | CASE NO. 22-cv-3482 |
| VERSUS | * * | JUDGE: ELDON E. FALLON |
| WAL-MART, INC.<br>*Defendant* | * * | MAGISTRATE: KAREN WELLS ROBY |

**ORDER AND REASONS**

The Court has before it Defendant Walmart, Inc.'s Motion for Summary Judgment, R. Doc. 23. Plaintiff Juan Toledano has responded in opposition. R. Doc. 24. Having considered the briefing, the record, and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

This case arises out of alleged personal injury to Plaintiff while at a Walmart store location owned and operated by Defendant. R. Doc. 1-1 at 2. Plaintiff alleges that, on February 10, 2021, he slipped on an unknown liquid while shopping in a dry foods aisle and was injured. He alleges that Walmart, via its employees, failed to keep the store's passageways, aisles, and floors in a reasonably safe condition, free or defects or hazardous conditions, or to properly warn Plaintiff about said defects or hazardous conditions, leading to his accident. *Id*.

Plaintiff brought suit against Walmart seeking damages for pain and suffering, medical expenses, and lost wages and earning capacity, asserting: (1) negligence; (2) failure to respond to

unsafe conditions; (3) not properly maintaining the property; (4) failing to warn invitees about deficiencies or hazards in the property. *Id.* at 2-4.

Walmart now moves this Court to grant summary judgment in its favor on all of Plaintiff's claims, asserting that Plaintiff cannot meet his burden of proving an essential legal element for establishing merchant liability under Louisiana law: whether Walmart either created or had actual or constructive notice of the condition which caused Plaintiff's alleged damages. R. Doc. 23-1 at 4; *see* La. R.S. 9:2800.6.

## II.     APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.    DISCUSSION

Plaintiff brings his claims in this diversity action under Louisiana law. Under La. R.S. 9:2800.6(B), known as the Louisiana Merchant Liability Act (LMLA), in order to succeed on his

claims Plaintiff has the burden of proving (1) that the condition which caused his alleged accident presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable; (2) that Walmart either created that condition or had actual or constructive notice of the condition prior to the accident; and (3) that Walmart failed to exercise reasonable care. In its motion for summary judgment, Walmart challenges only the second element: whether Plaintiff has shown that a genuine issue of material fact exists as to whether Walmart either created or had actual or constructive notice of the condition which allegedly caused Plaintiff's accident.

On the question of whether Walmart created the dangerous condition, Walmart argues that "Plaintiff has failed to satisfy his burden of proving that a Walmart employee, rather than a customer, caused the liquid allegedly involved in his incident to be on the floor[,]" because Plaintiff admitted in his deposition that he did not know how the liquid came to be on the floor, or whether a Walmart employee caused the liquid to be there. R. Doc. 23-1 at 6. But to survive summary judgment, Plaintiff does not need to *prove* that Walmart created the condition which caused his accident: he must merely show that there is a genuine dispute about the facts which would be determinative of this issue.

Viewing the evidence in the light most favorable to the nonmovant—here, the Plaintiff—as the Court must at the summary judgment stage, Plaintiff has shown that a genuine dispute exists about facts material to this prong of determining liability under the LMLA. In his deposition, Plaintiff testified that he slipped in a liquid on the floor of a Walmart store aisle. Walmart's Food and Consumables Coach, Kim Johnson, who investigated and photographed the area in which Plaintiff fell following the accident, testified in her own deposition that she observed a fruit cup and spilled liquid on the ground near where Plaintiff had fallen. Johnson also testified that another Walmart employee, Rhonda Taylor, was stocking shelves in that aisle earlier on the day

of Plaintiff's accident, which testimony is backed up by video evidence. Accordingly, Plaintiff asserts, there is a genuine issue of material fact as to whether Taylor knocked the fruit cup down while stocking shelves in that aisle, thereby creating the spilled liquid in which Plaintiff fell.

There may of course be alternate explanations for how the fruit cup and the spilled liquid came to be on the aisle floor—for example, Johnson speculated in her deposition that the fruit cup was knocked down by emergency workers attending to Plaintiff *after* he fell. But this disagreement only emphasizes that there is indeed a genuine issue as to the material fact of whether Walmart, via its employee, created the condition which caused Plaintiff's injuries. At the summary judgment stage, that is enough for Plaintiff to carry his burden and continue forward with his claims.

If Plaintiff is able to show at trial that Walmart created the allegedly dangerous condition, he need not address whether Walmart had actual or constructive notice of that condition. However. as Plaintiff asserts, video surveillance evidence shows that Taylor was actively stocking shelves in the aisle where Plaintiff fell shortly before the accident. *See* R. Doc. 23-4. As a Walmart Assistant Manager, Taylor was trained and required by policy to conduct safety sweeps of the store, including checking the floors for potential hazards. R. Doc. 23-5 at 43–44. Photographs taken after Plaintiff's fall also reflect that the spilled liquid had been trekked through and spread around the area. These facts create a genuine issue of material fact as to whether Walmart had actual or constructive knowledge of the dangerous condition which allegedly caused Plaintiff's injuries, and renders an entry of summary judgment inappropriate on those claims.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment, R. Doc. 24, is hereby **DENIED**.

New Orleans, Louisiana, this 31st day of May, 2023.

_____
United States District Judge